# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN FALLARINO JR. TRUST, Derivatively on Behalf of Nominal Defendant Palo Alto Networks, Inc., <br><br> Plaintiff, <br><br> v. <br><br> NIKESH ARORA, DIPAK GOLECHHA, LEE KLARICH, NIR ZUK, APARNA BAWA, JOHN M. DONOVAN, CARL ESCHENBACH, HELENE D. GAYLE, JAMES J. GOETZ, JOHN KEY, MARY PAT MCCARTHY, LORRAINE TWOHILL, <br><br> Defendants, <br><br> and <br><br> PALO ALTO NETWORKS, INC., <br><br> Nominal Defendant. | Case No. 1:25-cv-00253-CFC |

## STIPULATION AND [PROPOSED] ORDER TO STAY ACTION

Plaintiff John Fallarino Jr. Trust ("Plaintiff"), derivatively on behalf of Nominal Defendant Palo Alto Networks, Inc. ("Palo Alto Networks" or the "Company"), and Defendants Nikesh Arora, Dipak Golechha, Lee Klarich, Nir Zuk, Aparna Bawa, John M. Donovan, Carl Eschenbach, Helene D. Gayle, James J. Goetz, John Key, Mary Pat McCarthy, and Lorraine Twohill (the "Individual Defendants" and, together with Palo Alto Networks, the "Defendants") (Defendants and Plaintiff, taken together, are referred to herein as the "Parties") hereby stipulate

1

and respectfully request that the Court enter an Order staying the above-captioned derivative action (the "Derivative Action").

WHEREAS, on March 5, 2025, Plaintiff filed the Derivative Action on behalf of Palo Alto Networks against the Individual Defendants in this Court;

WHEREAS, the Derivative Action includes allegations that overlap substantially with those in a putative securities class action captioned *In re Palo Alto Networks, Inc. Securities Litigation*, No. 3:24-cv-01156 (N.D. Cal.) (the "Securities Class Action");

WHEREAS, on April 11, 2025, the court in the Securities Class Action granted the defendants' motion to dismiss without prejudice and gave the plaintiffs leave to amend;

WHEREAS, on May 9, 2025, the plaintiffs in the Securities Class Action filed their Second Amended Complaint;

WHEREAS, the defendants in the Securities Class Action intend to file a motion to dismiss the Second Amended Complaint;

WHEREAS, the outcome of the defendants' motion to dismiss the Securities Class Action, any appeal taken from any order dismissing the Securities Class Action, or any future motion to dismiss, will be informative to the litigation of this Derivative Action; and

WHEREAS, the parties to the Derivative Action have conferred and agree

that it would serve the interests of justice, efficiency, and judicial economy to temporarily stay the Derivative Action pending the final resolution of any motion(s) to dismiss in the Securities Class Action, including the final and full resolution of any appeals taken from any order(s) related to such motion(s) in the Securities Class Action;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, by and through their undersigned counsel, and subject to approval of the Court, as follows:

1. Defendants hereby accept service of the complaint filed in this action.

2. This action (including all discovery) is hereby stayed until at least 30 days after the earlier of: (a) the denial of any motion to dismiss filed by the Securities Class Action defendants in the Securities Class Action; (b) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto; or (c) the public announcement of a settlement of the Securities Class Action. Any party may move the Court to lift the stay before it expires on its own terms, following fourteen (14) days written notice to the other parties and upon a showing of good cause; provided that, if a separate shareholder derivative action arising from substantially similar or the same facts as alleged in the Derivative Action is not stayed for a similar or longer duration as the Derivative Action, Plaintiff shall have the option to terminate the stay within fourteen (14) days after filing notice with the

3

Court. The expiration or termination of the stay shall be without prejudice to Defendants' ability to move the Court for a further stay of this action.

3. Within 30 days of the occurrence of one or more of the events identified in paragraph 2(a)-(c) above, the parties shall meet and confer and file a proposed schedule with the Court.

4. Notwithstanding the stay of this action, Plaintiff may file an amended complaint, and, in the event any other shareholder derivative actions arising from substantially similar or the same facts as alleged in the Derivative Action ("Related Derivative Actions") are filed in this Court, Plaintiff may file or respond to any motion(s) seeking consolidation and/or a leadership structure to govern such proposed consolidated action. Defendants need not answer, move or otherwise respond to any amended complaint during the pendency of this stay and until the Parties have agreed on (or the Court orders) a schedule.

5. During the pendency of this stay, Defendants shall notify counsel representing Plaintiff ("Plaintiff's Counsel") if a Related Derivative Action is filed.

6. During the pendency of this stay, Nominal Defendant Palo Alto Networks shall promptly produce to Plaintiff any documents produced, written discovery, and deposition transcripts in any related derivative actions or related threatened derivative actions (including shareholders who receive documents in connection with a books and records demand pursuant to 8 *Del. C.* § 220) arising

from substantially similar or the same facts as alleged in the Derivative Action, subject to a reasonable confidentiality agreement or protective order that permits Plaintiff to use the discovery in the Derivative Action.

7. During the pendency of this stay, and for six months thereafter, Defendants shall attempt in good faith to include Plaintiff in any mediations and in any formal settlement talks between the parties in the Securities Class Action, in any related derivative actions, and in any threatened derivative actions. In the event that Plaintiff is not able to participate in the mediations, then Defendants agree to mediate with Plaintiff on a date shortly after the mediation in the Securities Class Action.

8. By entering this Stipulation, the Parties do not waive any rights or defenses not specifically addressed herein or the right to seek such other relief as may be appropriate as circumstances may develop or warrant in this or any related action, and expressly reserve all such rights.

9. Without any limitation to the preceding paragraph, Defendants expressly reserve the right to challenge jurisdiction and venue in this Court.

Dated: June 4, 2025

OF COUNSEL:

**LIFSHITZ LAW PLLC**
Joshua M. Lifshitz
1190 Broadway
Hewlett, NY 11557
Telephone: (516) 493-9780
Facsimile: (516) 280-7376
jlifshitz@lifshitzlaw.com

**BIELLI & KLAUDER, LLC**
By */s/ Ryan M. Ernst*
Ryan M. Ernst, Esq. (No. 4788)
1204 N. King Street
Wilmington, DE 19801
Main: (302) 803-4600
Direct: (302) 321-5411
rernst@bk-legal.com

*Counsel for Plaintiffs*

OF COUNSEL:

**MORRISON & FOERSTER LLP**
Jordan Eth
David J. Wiener
425 Market Street
San Francisco, CA 94105
(415) 268-7000
jeth@mofo.com
dwiener@mofo.com

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
By: */s/ Lakshmi Muthu*
Elena C. Norman (No. 4780)
Lakshmi A. Muthu (No. 5786)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
lmuthu@ycst.com

*Counsel for Nominal Defendant Palo Alto Networks, Inc. and Defendants Nikesh Arora, Nir Zuk, Aparna Bawa, John M. Donovan, Carl Eschenbach, Helene D. Gayle, James J. Goetz, John Key, Mary Pat McCarthy, Lorraine Twohill, Dipak Golechha, and Lee Klarich*

SO ORDERED this 5th day of June, 2025.

_____
The Honorable Colm F. Connolly
United States District Judge

6